# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **Southern Glazer's Distributors of Ohio, LLC**<br>**4800 Poth Road**<br>**Columbus, Ohio 43213**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**The Great Lakes Brewing Company**<br>**2516 Market Street**<br>**Cleveland, Ohio 44113**<br><br>    **Defendant.** | Case No. 2:16-cv-00861<br><br>**Judge** _____<br><br>**Magistrate Judge** _____<br><br>**JURY DEMAND ENDORSED HEREON** |

### COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff Southern Glazer's Distributors of Ohio, LLC by and through counsel and for its Complaint against Defendant The Great Lakes Brewing Company states and alleges as follows:

### PARTIES

1. Plaintiff Southern Glazer's Distributors of Ohio, LLC ("Southern Glazer's of Ohio") is an Ohio limited liability company with its principal place of business at 4800 Poth Road, Columbus, Ohio 43213.  All of the membership interests in Southern Glazer's of Ohio are held by Southern Glazer's Wine and Spirits, LLC, a Delaware limited liability company.  None of the members of Southern Glazer's Wine and Spirits, LLC is a citizen of Ohio.

2. Defendant The Great Lakes Brewing Company, Inc. ("Great Lakes") is an Ohio corporation with its principal place of business at 2516 Market Street, Cleveland, Ohio 44113. Great Lakes manufactures and supplies beer products to distributors in many states, including Ohio, and derives substantial revenue from distribution of its beer products throughout Ohio.

## JURISDICTION AND VENUE

3. This is a complaint for injunctive relief governed by the Ohio Alcoholic Beverages Franchise Act, Ohio Rev. Code § 1333.82 *et seq*. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1332 and 2201. The amount in controversy exceeds the value of $75,000, exclusive of interest and costs, and an actual controversy exists between the parties.

4. Venue is appropriate in this district under 28 U.S.C. § 1391.

## THE OHIO ALCOHOLIC BEVERAGE FRANCHISE ACT

5. The Ohio Alcoholic Beverage Franchise Act, Ohio Rev. Code §§ 1333.82-1333.87 (the "Ohio Franchise Act"), governs the relationship between "distributors" and "manufacturers" of beer and wine in Ohio.

6. A "distributor" is "a person that sells or distributes alcoholic beverages to retail permit holders in this state." Ohio Rev. Code § 1333.82(C). Southern Glazer's of Ohio is a "distributor" under the Ohio Franchise Act.

7. A "manufacturer" is a person or entity "that manufactures or supplies alcoholic beverages to distributors in this state." Ohio Rev. Code § 1333.82(B). Great Lakes is a "manufacturer" under the Ohio Franchise Act.

8. Under the Ohio Franchise Act, a franchise relationship is established automatically when a distributor distributes beer or wine for a manufacturer for 90 days or more without a written contract:

> When a distributor of beer or wine for a manufacturer, or the successors or assigns of the manufacturer, distributes the beer or wine for ninety days or more without a written contract, a franchise relationship is established between the parties, and sections 1333.82 to 1333.87 of the Revised Code apply to the manufacturer, its successor or assigns, and the distributor.

Ohio Rev. Code § 1333.83.

9. The Ohio Franchise Act also requires a manufacturer to offer a written franchise agreement to its distributors, and states that "[a]ny provision of a franchise agreement that waives any of the prohibitions of, or fails to comply with, sections 1333.82 to 1333.87 of the Revised Code is void and unenforceable." *Id*.

10. The Ohio Franchise Act sets forth the circumstances in which a manufacturer may terminate a franchise with a distributor:

> **Except as provided in divisions (A) to (D) of this section, no manufacturer or distributor shall cancel or fail to renew a franchise** or substantially change a sales area or territory without the prior consent of the other party **for other than just cause and without at least sixty days' written notice** to the other party setting forth the reasons for such cancellation, failure to renew, or substantial change.

Ohio Rev. Code § 1333.85 (emphasis added).

11. Section 1333.85(D) sets forth the only circumstance in which a franchise may be terminated without "just cause," and 1333.85(D) applies only if "a successor manufacturer acquires all or substantially all of the stock or assets of another manufacturer through merger or acquisition or acquires or is the assignee of a particular product or brand of alcoholic beverage from another manufacturer." Great Lakes is not a "successor manufacturer" within the meaning of Ohio Rev. Code § 1333.85(D).

12. The Ohio Franchise Act prohibits manufacturers and distributors from engaging in specified conduct, regardless of whether a written franchise agreement purports to allow such conduct:

> **Notwithstanding the terms of any franchise, no manufacturer** or distributor engaged in the sale and distribution of alcoholic beverages, or a subsidiary of any such manufacturer, **shall**:
>
> (A) Fail to act in good faith or without just cause in acting or purporting to act under the terms of a franchise or in cancelling or failing to renew a franchise;

-3-

(B) Award an additional franchise for the sale of the same brand within the same sales area or territory. . . .

. . .

(F) Refuse to recognize the rights of surviving partners, shareholders, or heirs and fail to act in good faith in accordance with reasonable standards for fair dealing, with respect to the distributor's right to sell, assign, transfer or otherwise dispose of the distributor's business, in all or in part, except that the distributor shall have no right to sell, assign, or transfer the franchise without the prior consent of the manufacturer, who shall not unreasonably withhold the manufacturer's consent.

Ohio Rev. Code § 1333.84 (emphasis added).

## STATEMENT OF FACTS

### Southern Glazer's of Ohio's Distribution of Great Lakes Beer

13.  Southern Glazer's of Ohio began distributing beer for Great Lakes in 1999, when Southern Glazer's of Ohio, then doing business as Glazer's Distributors of Ohio, Inc., acquired Robins Wine & Spirits, Inc. ("Robins").

14.  Prior to its acquisition in 1999, Robins was distributing beer for Great Lakes in Ohio.  Upon the completion of the 1999 acquisition, Southern Glazer's of Ohio began distributing beer for Great Lakes in Ohio in the territories in which Robins had previously distributed Great Lakes beer.

15.  Southern Glazer's has continued to distribute beer for Great Lakes in Ohio at all times over the past 17 years.

16.  In 2006, The Great Lakes Brewing Company entered into a Sales & Distribution Agreement with Glazer's Distributors of Ohio, Inc. (the "Great Lakes Franchise Agreement," attached as Exhibit 1).  The Great Lakes Franchise Agreement has been amended from time to time regarding the brands that Southern Glazer's of Ohio distributes for Great Lakes and the territories in which Southern Glazer's of Ohio distributes those brands.

17. Southern Glazer's of Ohio currently distributes beer for Great Lakes in the following Ohio counties: Athens, Auglaize, Belmont, Champaign, Clark, Coshocton, Delaware, Fairfield, Fayette, Franklin, Gallia, Guernsey, Hocking, Jackson, Knox, Lawrence, Licking, Logan, Madison, Meigs, Mercer, Monroe, Morgan, Muskingum, Noble, Perry, Pickaway, Pike, Ross, Scioto, Shelby, Union, Vinton, Washington (the "Great Lakes Territory").

18. Within the Great Lakes Territory, Southern Glazer's of Ohio currently distributes all brands of beer offered by Great Lakes (the "Great Lakes Brands"), including Dortmunder Gold, Eliot Ness Amber Lager, Burning River Pale Ale, and Christmas Ale, among others.

19. Southern Glazer's of Ohio is the exclusive distributor of the Great Lakes Brands within the Great Lakes Territory.

20. Southern Glazer's of Ohio distributes the Great Lakes Brands exclusively from its offices at 4800 Poth Road in Columbus, Ohio (the "Columbus Branch").

21. Great Lakes supplies the Great Lakes Brands to the Columbus Branch, and Southern Glazer's of Ohio then distributes the Great Lakes Brands from the Columbus Branch to its customers throughout the Great Lakes Territory.

22. While the Columbus Branch distributes a variety of beer and non-beer products to its customers, Great Lakes is one of the most significant brands of beer distributed by the Columbus Branch. By revenue, sales of the Great Lakes Brands over the past 12 months comprised over 25% of all beer revenue in the Columbus Branch and over 4% of the Columbus Branch's total revenue.

23. Distribution of the Great Lakes Brands is an essential component of the overall operation of the Columbus Branch because it enables the Columbus Branch to employ more

workers, make more frequent deliveries to customers, attract new customers, and cross-sell other beer and non-beer products to its customers.

24. Because distribution of Great Lakes is such an essential component of the overall operation of the Columbus Branch, Southern Glazer's of Ohio has invested significant time and resources to expand the market for the Great Lakes Brands, to enhance the facilities, equipment, software, and workforce necessary to distribute the Great Lakes Brands, and to take other steps necessary to maintaining high levels of service and satisfaction for customers who buy the Great Lakes Brands.

25. Southern Glazer's of Ohio has also made significant investments in the Great Lakes Brands at the request of Great Lakes.

26. As a result of its ongoing investments in the Brands, Southern Glazer's of Ohio's distribution of the Great Lakes Brands has grown substantially. Since 2011, Southern Glazer's of Ohio's sales of the Great Lakes Brands have grown by over 43% by volume.

27. Southern Glazer's of Ohio has also consistently ranked amount the top two or three distributors of Great Lakes in Ohio.

### The Southern-Glazer's Transaction

28. The dispute in this case arises out of a transaction between two independent distributors—Southern Wine & Spirits of America, Inc. ("Southern") and Glazer's, Inc. ("Glazer's").

29. On January 11, 2016, Southern and Glazer's announced the signing of a definitive agreement to combine their businesses.

30. As part of the Southern-Glazer's transaction, Glazer's would contribute the membership interests in its subsidiaries to Southern in exchange for stock in Southern. In

addition, Southern would convert from a Florida corporation to a Delaware LLC and change its name to Southern Glazer's Wine and Spirits, LLC.

31. The Southern-Glazer's transaction closed on June 30, 2016.

32. In connection with the Southern-Glazer's transaction, the Plaintiff in this case changed its name and converted from a corporation to a limited liability company, but the Great Lakes Brands are still distributed today from the Columbus Branch by the same legal entity that was distributing the Great Lakes Brands prior to the Southern-Glazer's transaction.

33. Prior to June 21, 2016, Plaintiff Southern Glazer's Distributors of Ohio, LLC was named Glazer's Distributors of Ohio, Inc. and was a wholly-owned subsidiary of Glazer's, Inc.

34. On June 21, 2016, Glazer's Distributors of Ohio, Inc. was converted to a limited liability company and its name was correspondingly changed to Glazer's Distributors of Ohio, LLC.

35. Glazer's, Inc. then contributed all of the membership interests in Glazer's Distributors of Ohio, LLC to Southern Glazer's Wine and Spirits, LLC—the new parent entity after the Southern-Glazer's transaction.

36. The name of Glazer's Distributors of Ohio, LLC was then changed to Southern Glazer's Distributors of Ohio, LLC.

37. In sum, although its name changed and it converted from a corporation to a limited liability company as part of the Southern-Glazer's transaction, Glazer's Distributors of Ohio, Inc. is the same entity as Southern Glazer's Distributors of Ohio, LLC—the Plaintiff in this case (hereinafter, again "Southern Glazer's of Ohio").

38. The Southern-Glazer's transaction did not impact the day-to-day operation of Southern Glazer's of Ohio or its distribution of the Great Lakes Brands.

39. After the Southern-Glazer's transaction, the Great Lakes Brands continue to be distributed from the Columbus Branch.

40. After the Southern-Glazer's transaction, the same equipment and facilities continue to be used to receive and ship the Great Lakes Brands at the Columbus Branch.

41. After the Southern-Glazer's transaction, virtually all of the same employees continue to work for Southern Glazer's of Ohio, and the only changes in personnel have been ordinary retirement, promotion, hiring, and employee migration unrelated to the Southern-Glazer's transaction.

**Great Lakes' Unlawful Franchise Termination**

42. Following the January 11, 2016 announcement of the planned Southern-Glazer's transaction, Great Lakes reached out to Southern Glazer's of Ohio seeking information regarding the transaction and its potential impact on the distribution of the Great Lakes Brands in Ohio.

43. Over the following months, discussions were held between representatives of Great Lakes, Glazer's, and Southern Glazer's of Ohio to clarify the nature of the transaction and its potential impact on Southern Glazer's of Ohio, the Columbus Branch, and the distribution of the Great Lakes Brands.

44. On May 11, 2016, Southern Glazer's of Ohio sent a letter to Great Lakes explaining the structure of the anticipated transaction, including the anticipated change to the name of the Ohio entity distributing the Great lakes Brands, its conversion from a corporation to a limited liability company, and the contribution of its ownership interests from Glazer's, Inc. to Southern Glazer's Wine and Spirits, LLC.

45. On May 27, 2016, Great Lakes sent a letter to Southern Glazer's of Ohio asserting that under the Great Lakes Franchise Agreement, the transaction could not proceed without Great Lakes' prior consent. Great Lakes furthermore stated that it was withholding its consent to the

-8-

transaction, and that if the transaction proceeded without its consent Great Lakes would terminate its franchise with Southern Glazer's of Ohio.

46. Over the following weeks, the parties continued to engage in discussions regarding the anticipated transaction. In particular, Southern Glazer's of Ohio sought to schedule a meeting at which it would explain the structure of the anticipated transaction and its impact (or lack thereof) on Southern Glazer's of Ohio, the Columbus Branch, and the distribution of the Great Lakes Brands.

47. On July 26, 2016, Great Lakes sent a letter to Southern Glazer's of Ohio stating that it was terminating its franchise because the Southern-Glazer's transaction had closed without Great Lakes' prior consent. (Attached as Exhibit 2). In the July 26, 2016 letter and in subsequent communications, Great Lakes stated that the termination would be effective on September 25, 2016.

48. After Southern Glazer's of Ohio received the July 26, 2016 termination letter, it continued to seek a meeting with Great Lakes to discuss the details of the transaction and Great Lakes' intent to terminate its franchise with Southern Glazer's of Ohio.

49. However, Great Lakes has not retracted its termination notice and stated that it intends to cease taking orders from Southern Glazer's of Ohio on or before September 9, 2016.

**COUNT ONE**
**Declaratory Judgment**

50. Southern Glazer's of Ohio incorporates by reference the allegations contained in paragraphs 1 through 49.

51. Southern Glazer's of Ohio has established a franchise relationship with Great Lakes pursuant to the Ohio Franchise Act for the distribution of the Great Lakes Brands in the Great Lakes Territory.

52. The Ohio Franchise Act provides that unless a distributor consents to termination of its franchise, a manufacturer may not terminate a franchise without just cause and 60 days' notice. Ohio Rev. Code §1333.85 ("Except as provided in divisions (A) to (D) of this section, no manufacturer … shall cancel … a franchise or substantially change a sales area or territory without prior consent of the other party for other than just cause and without at least sixty days' written notice ….").

53. Southern Glazer's of Ohio does not consent to the termination of its franchise with Great Lakes.

54. Great Lakes does not have just cause to terminate its franchise with Southern Glazer's of Ohio.

55. Great Lakes asserts that the Great Lakes Franchise Agreement required Southern Glazer's of Ohio to obtain Great Lakes' prior consent to the Southern-Glazer's transaction, and that Southern Glazer's of Ohio's failure to obtain such prior consent is grounds for terminating its franchise.

56. A manufacturer's lack of consent to a change in the ownership of a distributor is not just cause for termination of a franchise under the Ohio Franchise Act, regardless of whether a written franchise agreement purports to require such consent.

57. Great Lakes has acted in bad faith by using the Southern-Glazer's transaction—and its withholding of consent to that transaction—as a purported basis to terminate its franchise with Southern Glazer's of Ohio, with the goal of transferring the Great Lakes Brands to another distributor who it believes may further enhance its profits.

58. An actual controversy exists between Southern Glazer's of Ohio and Great Lakes. Southern Glazer's of Ohio is entitled to a declaration of its rights under the Ohio Franchise Act.

Southern Glazer's of Ohio seeks a declaration that Great Lakes may not terminate, or cause the termination of, its franchise with Southern Glazer's of Ohio.

59. As a direct and proximate result of the attempted termination and consequent breach of its franchise relationship, Southern Glazer's of Ohio is threatened with permanent and irreparable injury to its business and loss of customer goodwill, the money value of which substantially exceeds $75,000, plus permanent damage to its goodwill and other intangible assets, and additional damages and expenses not readily calculable.

## PRAYER FOR RELIEF

WHEREFORE, Southern Glazer's of Ohio prays for judgment in its favor and against Great Lakes as follows:

(a) a declaration that Great Lakes does not have just cause or any other lawful basis to terminate Plaintiff's franchise rights under the Ohio Franchise Act;

(b) a temporary restraining order and preliminary and permanent injunctive relief prohibiting Great Lakes from terminating Plaintiff as a distributor;

(c) a temporary restraining order and preliminary and permanent injunctive relief prohibiting Great Lakes from taking any action that would enable another distributor to distribute the Great Lakes Brands in Plaintiff's exclusive territory or that otherwise purports to allow for the appointment of a new distributor for the Great Lakes Brands in such territory;

(d) a temporary restraining order and preliminary and permanent injunctive relief prohibiting Great Lakes from taking any action that would frustrate or otherwise prevent the delivery of the Great Lakes Brands to Plaintiff as required under Ohio law and the Great Lakes Franchise Agreement; and

(e) for such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of the maximum number permitted by law.

Respectfully submitted,

/s/ David W. Alexander
David W. Alexander (0017156), Trial Attorney
Aaron T. Brogdon (0081858)
Christopher F. Haas (0079293)
SQUIRE PATTON BOGGS (US) LLP
41 South High Street, Suite 2000
Columbus, Ohio 43215
Telephone: (614) 365-2801
Facsimile: (614) 365-2499
david.alexander@squirepb.com
aaron.brogdon@squirepb.com
christopher.haas@squirepb.com

Attorneys for Plaintiff