UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SOUTHERN GLAZER'S**
**DISTRIBUTORS OF OHIO, LLC,**

    **Plaintiff,**

    v.

**THE GREAT LAKES BREWING CO.,**

    **Defendant.**

                          Civil Action 2:16-cv-861
                           Judge Michael H. Watson
                           Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Compel Answers to Interrogatories and Responses to Document Requests (ECF No. 51), Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel (ECF No. 55), and Defendants' Reply in Support of their Motion to Compel. (ECF No. 57.)  For the reasons that follow, Defendants' Motion is **GRANTED**.  (ECF No. 51.)

**I.**

This is a an action for relief pursuant to a franchise agreements between Plaintiff, Southern Glazer's Distributors of Ohio, LLC ("Southern Glazer's"), and Defendant, The Great Lakes Brewing Company ("Great Lakes"), as well as Southern Glazer's and Defendant Boston Brewing Company, Inc. ("Boston Brewing").

Glazer's Distributors of Ohio, Inc. (Glazer's)[1] began distributing beer for Great Lakes in 1999 and has continued to do so at all times for the last 17 years. (ECF No. 17; the "Amended Complaint" or "Am. Compl." ¶¶ 17-9.) In 2006, the parties entered into a Sales & Distribution Agreement (the "Great Lakes Franchise Agreement"). (*Id.* ¶ 20, Ex. 1.) Up until the filing of this lawsuit, Southern Glazer's distributed beer for Great Lakes in several Ohio counties (the "Great Lakes Territory"). (*Id.* ¶ 21.) Within the Great Lakes Territory, Southern Glazer's distributed all brands of beer offered by Great Lakes (the "Great Lakes Brands") and was the exclusive distributor of the Great Lakes Brands within the Great Lakes Territory. (*Id.* ¶¶ 22-23.)

In 1995, Boston Brewing entered into an Agreement of Wholesaler and Brewer Rights and Responsibilities with Glazer's early predecessor, Robins (the "Boston Beer Franchise Agreement"). In 1999, the Boston Beer Franchise Agreement was assigned to Glazer's. (*Id.* ¶ 24, Exs. 2, 3.) Glazer's distributes beer for Defendants The Boston Beer Company, Inc., Boston Beer Corporation and Boston Brewing Company, Inc. (collectively, "Boston Beer") in several Ohio counties (the "Boston Beer Territory"). Within the Boston Beer Territory, Southern Glazer's distributed nearly all brands of beer offered by Boston Beer (the "Boston Beer Brands") and was the exclusive distributor of the Boston Beer Brands within the Great Lakes Territory. (*Id.* ¶¶ 25-27.)

On January 11, 2016, Glazer's announced the signing of an agreement to combine its business with another independent distributor—Southern Wine & Spirits of America, Inc. ("Southern"). (*Id.* ¶ 38.) The structure of the transaction involved Glazer's contributing the membership interests in its subsidiaries to Southern in exchange for Southern stock. Additionally, Southern would convert from a Florida corporation to a Delaware LLC and change

---

[1] Glazer's is a predecessor to Southern Glazer's. The structure of the transaction that created the latter is described in detail below.

its name to Southern Glazer's Wine and Spirits, LLC.  (*Id.* ¶ 39.)  The transaction closed on June 30, 2016.  (*Id.* ¶ 40.)  Prior to June 21, 2016, Glazer's was converted to a limited liability company and changed its name to Glazer's Distributers of Ohio, LLC.  Glazer's, Inc. then contributed all of the membership interests in Glazer's Distributors of Ohio, LLC to Southern Glazer's Wine and Spirits, LLC—the new parent entity after the Southern-Glazer's transaction.  Finally, the name of Glazer's Distributors of Ohio, LLC was changed to Southern Glazer's Distributors of Ohio, LLC.  (*Id.* ¶¶ 42-44.)  Plaintiff maintains that, despite the name and formation change, Southern Glazer's is still the same entity as Glazer's Distributors of Ohio, LLC.  (*Id.* ¶ 41.)  Additionally, the Southern-Glazer's transaction did not impact the day-to-day operations of Southern Glazer's or its distribution of the Great Lakes Brands or the Boston Beer Brands.  (*Id.* ¶¶ 47-48.)

Following the January 11, 2016 announcement of the Southern-Glazer's transaction, Great Lakes and Boston Beer contacted Southern Glazer's seeking information regarding the transaction and its potential impact on the distribution of Great Lakes in Ohio.  Discussions were held between the companies and Southern Glazer's sent a letter to Great Lakes on May 11, 2016 explaining the structure of the anticipated transaction.  (*Id.* ¶¶ 51-53.)  On May 13, 2016, Southern Glazer's sent a similar letter to Boston Beer.  (*Id.* ¶ 54.)

On May 27, 2016, Great Lakes sent a letter to Southern Glazer's asserting that, under the Great Lakes Franchise Agreement, the transaction could not proceed without Great Lakes' prior consent.  The letter further stated that Great Lakes did not consent and that if the transaction proceeded, Great Lakes would terminate its franchise agreement with Southern Glazer's.  (*Id.* ¶ 55.)  On June 14, 2016, Boston Beer sent a similar letter to Southern Glazer's.  (*Id.* ¶ 56.)

Southern Glazer's then attempted to schedule meetings with Great Lakes and Boston Beer to explain the structure of the anticipated transaction and the lack of impact it would have on the Columbus, Ohio Branch of Southern Glazer's and the distribution of the Great Lakes Brands and the Boston Beer Brands. (*Id.* ¶ 57.) Nevertheless, on July 26, 2016, Great Lakes sent a letter to Southern Glazer's of Ohio stating that it was terminating its franchise because the Southern-Glazer's transaction had closed without Great Lakes' prior consent. Great Lakes stated that the termination would be effective on September 25, 2016. (*Id.* ¶ 59, Ex. 4.) On July 28, 2016, Boston Beer sent a similar letter to Southern Glazer's. Boston Beer stated that the termination would be effective on or before September 30, 2016. (*Id.* ¶ 60, Ex. 5.)

Southern Glazer's initiated this lawsuit through the filing of the Complaint on September 8, 2016. Southern Glazer's seeks declaratory judgment that Great Lakes and Boston Beer's terminations violate the Ohio Franchise Act, Ohio Rev. Code § 1333.85, which requires both just cause and 60 days' notice in order for a manufacturer to terminate a franchise unless a distributor consents to the termination. (*Id.* ¶ 69.) Southern Glazer's maintains that it does not consent to the terminations of the franchises and that a manufacturer's (in this case, Great Lakes and Boston Beer) "lack of consent to a change in ownership of a distributor is not just cause for termination of a franchise under the Ohio Franchise Act, regardless of whether a written franchise agreement purports to require such consent. (*Id.* ¶¶ 70-73.) Southern Glazer's further asserts that Great Lakes and Boston Beer have acted in bad faith and that, as a result of the attempted terminations and consequent breaches of the franchise relationships, Southern Glazer's is threatened with irreparable and permanent injury to its business and loss of customer goodwill, exceeding a monetary amount of $75,000. (*Id.* ¶¶ 74-76.) Boston Beer and Great Lakes have asserted

counterclaims against Southern Glazer's for breach of contract, declaratory judgment, violation of the Ohio Alcoholic Beverage Franchise Act, Ohio Rev. Code §§ 1333.82-1333.87, and fraudulent inducement. (ECF No. 21 ¶¶ 59-82.) As against both Southern Glazer's and third-party Defendant Southern Wine & Spirits of America, Inc., Boston Beer and Great Lakes assert a claim for tortious interference with contract. (*Id*. ¶¶ 101-105.) Finally, Boston Beer and Great Lakes also assert a civil conspiracy claim against Southern Wine & Spirits of America, Inc. (*Id*.)

At the time it filed this action, Southern Glazer's moved for a temporary restraining order and preliminary injunction prohibiting Great Lakes from terminating or altering its franchise agreement with Southern Glazer's. (ECF No. 3.)[2] The Court held a hearing and granted the motion, prohibiting Great Lakes from, *inter alia*, terminating, altering, or otherwise interfering with its franchise relationship or contract with Southern Glazer's. (ECF Nos. 13, 20.) Great Lakes appealed that decision on October 20, 2016. (ECF No. 35.)

On October 19, 2016, the Court granted Defendants' Motion to Expedite Discovery and Case Schedule. (ECF No. 30.) After discussion with the parties, the Court established an expedited case schedule and advised the parties that they may proceed with written discovery. (ECF No. 38.) The parties stipulated to a 21-day deadline to respond to discovery requests as part of the expedited case schedule. (ECF No. 37.) Discovery is currently scheduled to end January 13, 2017. (*Id*.)

On October 24, 2016, Glazer's and Southern Wine & Spirits of America, Inc. filed a Motion to Dismiss for Failure to State a Claim of Great Lakes and Boston Beer's claims for fraudulent inducement, tortious interference, civil conspiracy and punitive damages against them. (ECF No. 40.)

---

[2] Southern Glazer's has subsequently moved for a temporary restraining order and preliminary injunction against Boston Beer. (ECF No. 18.)

On November 4, 2016, Boston Beer and Great Lakes served interrogatories and requests for production on Southern Glazer's.  (ECF No. 51, Ex. 1.)  On November 22, 2016, Southern Glazer's and Southern Wine & Spirits of America, Inc. moved to stay all proceedings in this action other than the briefing and submission of their Motion to Dismiss, pending the outcome of Great Lakes' appeal of the temporary restraining order and preliminary injunction. (ECF No. 47.)

Shortly after filing the Motion to Stay, Southern Glazer's counsel sent a letter to Great Lakes and Boston Beer's counsel indicating that Southern Glazer's intended to "postpone any responses to Defendants' discovery requests."  (ECF No. 51, Ex. 2.)  Great Lakes and Boston Beer's counsel responded to the letter on November 28, 2016, stating that the refusal to respond was unfounded and jeopardized the expedited case schedule.  (*Id*., Ex. 3.)  In response, Southern Glazer's counsel said it would serve objections to the discovery requests but "postpone any other response or production to the written requests until after the Court rules on our Motion to Stay." (*Id*., Ex. 4.)  On December 5, 2016, Southern Glazer's served "responses" to the discovery requests which reiterated its position that "no response is required at this time" and lodged a plethora of objections.  (*Id*., Ex. 5.)  The next day, Great Lakes and Boston Beer's counsel sent a letter detailing the deficiencies in the "responses" and requested supplemental responses to the requests by the close of business on December 7, 2016.  (*Id*., Ex. 6.)  On December 7, 2016, Southern Glazer's counsel responded maintaining that discovery responses were not necessary. (*Id*., Ex. 7.)

On December 8, 2016, Great Lakes and Boston Beer (collectively, "Defendants") moved for an order compelling Southern Glazer's to respond to Defendants' first set of interrogatories and first request for production of documents and for sanctions.  (ECF No. 51.)  On December

14, 2016, the Court denied Southern Glazer's and Southern Wine & Spirits of America, Inc.'s Motion to Stay. (ECF No. 54.)

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to filing a discovery motion has been satisfied.

The parties do not dispute that the information sought by Defendants is relevant and that Southern Glazer's is required to respond. In a December 22, 2016 conference with the Court, Southern Glazer's counsel represented that its client was working to produce the information expediently. Nevertheless, the Court is compelled to grant Defendants' Motion for the following reasons.

Defendants assert that Southern Glazer's was obligated to respond to their interrogatories and requests for production by November 25, 2016 and, to date, remains delinquent. Southern Glazer's argues that the Motion to Compel is moot, following the Court's denial of its Motion to Stay and maintains that it is working diligently to respond to the discovery requests. Southern Glazer's position is unconvincing for two reasons.

First, Southern Glazer's had no sound basis on which it could conclude that it was entitled to withhold responses to the discovery requests at the outset. Waiting on a pending motion to stay does not entitle a party to refuse to respond to interrogatories and requests for production subject to an expedited case schedule that the Court has ordered. In exercising its

discretion in this area, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens v. Columbus Metro. Library Bd. of Trustees,* No. 2:10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.,* No. 2:06–cv–0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC,* No. 2:10–cv–0394, 2010 WL 3522397, at * 1–2 (S.D. Ohio Sept. 7, 2010) ("unless the motion raises an issue such as immunity from suit . . . or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.") Here, the reasoning is even more compelling because Plaintiff did not rely on a dispositive motion as the basis for delaying discovery. Instead, Plaintiff unilaterally decided not to produce documents or respond to interrogatories.

Second, to the extent Southern Glazer's has not yet produced the requisite discovery responses, [3] the issue is still live and the Motion is not mooted. As a result, Defendants' Motion to Compel is **GRANTED**. (ECF No. 51.)

### III.

Defendants additionally ask this Court for an award of their attorneys' fees and costs incurred in attempting to resolve these ongoing discovery disputes and in bringing the instant Motion. Defendants assert that they filed the instant Motion as a last resort, after numerous exchanges of correspondence. Southern Glazer's objects to Defendants request for attorneys'

---

[3] On December 23, 2016, Southern Glazer's filed notice with the Court that it has supplemented its initial responses to Defendants' discovery requests. (ECF No. 61.) The notice, however, represents that production is still ongoing and not yet complete.

fees, asserting that it has acted in good faith in requesting the discovery stay, which was "consistent with the parties' proposed schedule and the Court's scheduling Order."  (ECF No. 55, at 6.)

Rule 37(a)(5)(A) provides as follows:

*If the Motion Is Granted* (*or Disclosure or Discovery Is Provided After Filing*).  If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The Court concludes that Defendants are entitled to attorneys' fees under Rule 37(a)(5)(A).  Despite numerous exchanges of correspondence between Plaintiff's and Defendants' counsel and the Court-imposed expedited discovery and case schedule, Defendants' production was delayed and remains deficient.  The Court notes that it finds Southern Glazer's assertion that its refusal to proceed with discovery is somehow consistent with the Scheduling Order unconvincing.  Under these circumstances, the Court concludes that Defendants are entitled to recover reasonable attorneys' fees pursuant to Rule 37.  The Court limits the fee award, however, to fees incurred in connection with filing the instant Motion, review of

9

Plaintiff's Memorandum in Opposition, and preparation of the Reply to Plaintiff's Memorandum in Opposition.

The Court encourages the parties to reach an agreement concerning the appropriate amount of fees to be awarded. In the event the parties cannot reach such an agreement, Defendants shall file a supplemental memorandum in support of its requested attorneys' fees and expenses, setting forth information that would permit the Court to assess the reasonableness of the fees requested, including the timekeeper, rate, and explanation of work, to the extent counsel may do so without violating the attorney-client privilege **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel is **GRANTED**. (ECF No. 51.) Southern Glazer's is **DIRECTED to IMMEDIATELY** respond to Defendants' interrogatories and requests for production. Southern Glazer's is also **ORDERED** to pay Defendants' reasonable attorneys' fees and expenses associated with bringing this Motion.

**IT IS SO ORDERED**.

Date: December 27, 2016        /s/ *Elizabeth A. Preston Deavers*
                                ELIZABETH A. PRESTON DEAVERS
                                UNITED STATES MAGISTRATE JUDGE