UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SOUTHERN GLAZER'S
DISTRIBUTORS OF OHIO, LLC,

    Plaintiff,

    v.

Civil Action 2:16-cv-861
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

THE GREAT LAKES BREWING CO., *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Document Requests (ECF No. 73), Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel (ECF No. 80), and Plaintiff's Reply in Support of their Motion to Compel. (ECF No. 81.) For the reasons that follow, Plaintiff's Motion is **GRANTED**. (ECF No. 73.)

### I.    BACKGROUND

This is an action for relief pursuant to franchise agreements between Plaintiff, Southern Glazer's Distributors of Ohio, LLC ("Southern Glazer's"), and Defendant, The Great Lakes Brewing Company ("Great Lakes"), as well as Southern Glazer's and Defendant Boston Brewing Company, Inc. ("Boston Brewing"). The Court has previously included a detailed recitation of the facts in a prior Opinion and Order granting Defendants' Motion to Compel (ECF No. 62 at 1–7) and will therefore only discuss the facts most relevant to the instant motion.

Defendants assert six counterclaims against Plaintiff, several of which are based, at least in part, on Defendants' assertion that Plaintiff breached the change in ownership/control provisions (and/or related consent language) in the controlling franchise agreements. (*See* Defs.' Answer at 32–38, ECF No. 21 ("Glazer's Ohio breached Section 9(a) of the Franchise Agreement by failing to seek and obtain Great Lakes' consent to the change of ownership and/or control that occurred via the Southern/Glazer's merger.").) Plaintiff included in its second set of discovery requests two interrogatories seeking information about Defendants' normal practice in relation to the change in ownership/control provisions. (Pl.'s Mot. Compel at 5, ECF No. 73.) Plaintiff contends that the interrogatories were based on the Defendants' counterclaims and 30(b)(6) witnesses who testified that the "change-in-ownership/control provisions are an 'essential term' in all their contracts." (*Id.*) Defendants objected to Plaintiff's interrogatories as "irrelevant to any issue in the case." (Defs.' Opp. at 3, ECF No. 80.)

Now, Plaintiff requests a Court Order compelling Defendants to respond to the following two interrogatories:

> **Interrogatory 8.** Describe each and every circumstance in the past five years in which [Defendant] Lakes received notice of a potential change in the ownership and/or control of a distributor, and/or a potential assignment of a distribution agreement, within the meaning of [the change-in-control provision] of the [] Distribution Agreement (or a similarly-worded agreement). Your description should include, but is not limited to, the date of the notice, the identity of the distributor, the events that constituted a potential change in the ownership and/or control of the distributor, and/or a potential assignment of the distribution agreement, and whether [Defendant] consented to the change in the ownership and/or control of the distributor and/or the assignment of the distribution agreement.
>
> **Interrogatory 9.** For each circumstance identified in response to Interrogatory No. 8, describe the information, documents, and process that [Defendant] used to decide whether to grant or withhold its consent, including all persons involved in the decision.

(Pls.' Mot. Compel at 5.)

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to filing a discovery motion has been satisfied.

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1), which sets forth the permissible scope of discovery, provides as follows:

> **(1) Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (Kemp, J.) (quoting *Clumm v. Manes*, No. 2:08–cv–567 (S.D. Ohio May 27, 2010) (King, J.)); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted)).

Both parties agree that the change in ownership provisions are at the heart of this case. Defendants, however, argue that the provisions are relevant only in that it must be decided whether they conflict with Ohio law. (Defs.' Opp. at 4); (Pl.'s Mot. Compel at 7.) Defendants contend that they should not have to produce the information at issue because it is irrelevant in two ways. First, Defendants assert that the change of ownership provisions are unambiguous and such extrinsic evidence related to the provisions is, therefore, irrelevant to the matter at hand. *Lincoln Elec. Co. v. Travelers Cas. & Sur. Co.*, 2013 U.S. Dist. LEXIS 189111, at *182–83 (N.D. Ohio Feb. 5, 2013) ("Courts across the country have held that . . . extrinsic evidence . . . is not relevant where, as here, there is no ambiguous . . . provision that requires 'interpretation.'"). Second, Defendants claim that because the dispute centers only on the change of ownership provisions in the franchise agreement with Plaintiff, Defendants' change in ownership provisions found in franchise agreements with other distributors is wholly irrelevant. (Defs.' Opp. at 1.)

Plaintiff on the other hand contends that the information sought is relevant because even if the Court determines that the consent and termination provisions do not conflict with the Franchise Act, the provisions and the Franchise Act impose additional requirements on Defendants. (Pl.'s Mot. Compel at 7.) Plaintiff asserts that the additional requirements of the Franchise Act "turn on fact-intensive issues such as reasonableness, good faith, fair dealing, and just cause." (*Id.*) Plaintiff therefore posits that understanding how Defendants treat these provisions in other agreements helps establish whether they have acted with reasonableness and in good faith in relation to the disputed agreement.

For example, Plaintiff points to the consent provision relied on by Defendant Great Lakes, which states that Great Lakes "must not unreasonably withhold its consent to an

4

Ownership Change or Assignment . . . and shall be guided in its decision by its reasonable business judgment." (*Id.* (citing Great Lakes Franchise Agreement, ECF No. 45-3).) Plaintiff further emphasizes that the Franchise Act provides that a manufacturer "shall not unreasonably withhold" its consent to a sale, assignment, or transfer of a franchise. Ohio Rev. Code § 1333.84(F). Moreover, the Franchise Act contains a good faith and fair dealing component, stating that "no manufacturer . . . shall . . . fail to act in good faith in accordance with reasonable standards of fair dealing, with respect to the distributor's right to sell, assign, transfer or otherwise dispose of his business . . ." Ohio Rev. Code § 1333.84(F). Plaintiff therefore contends that Defendants' treatment of the provisions is relevant to determining whether Defendants have acted reasonably and in good faith and/or whether Defendants' "refusal to grant consent . . . was based upon pretext and/or was an attempt to terminate for some other reason without following the just cause standard required by statute." (Pl.'s Mot. Compel at 8 (citing *Tri-County Wholesale Distribs. v. Wine Group, Inc.*, 2010 WL 3522973, at *6–7 (S.D. Ohio Sept. 2, 2010)).)

Based on the recognized importance of the change in ownership provisions, and Defendants' treatment of those provisions, the Court finds that Plaintiff has met its burden in showing that the requested information is relevant. *Wilkinson v. Greater Dayton Reg'l Transit Auth.*, No. 3:11cv00247, 2012 WL 3527871, at *4 (S.D. Ohio Aug. 14, 2012) ("when good cause exists, the district court has the discretion to permit a party to seek 'discovery of any matter relevant to the subject matter involved in the action.'"). Discovery related to Defendants' historical treatment of the change in control provisions is relevant and proportional to the issue of whether the termination of Defendants' franchise agreements complies with the Franchise

5

Act's and the provisions' additional requirements. Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel. (ECF No. 73.)

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel is **GRANTED**. (ECF No. 73.) Defendants are **DIRECTED** to respond to Defendants' interrogatories and requests for production within **FOURTEEN (14) DAYS** of the date of this Order.

**IT IS SO ORDERED**.

Date: June 7, 2017  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE