UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Southern Glazer's Distributors
of Ohio, LLC,

    Plaintiff,

v.

The Great Lakes Brewing Co., *et al.*,

    Defendants,

v.

Southern Wine & Spirits
of America, Inc., *et al.*,

    Third Party Defendants.

Case No. 2:16–cv–861
JUDGE MICHAEL H. WATSON
Magistrate Judge Deavers

## OPINION AND ORDER

On July 14, 2017, the Court granted Plaintiff's renewed motion for preliminary injunction and ordered that the parties maintain the status quo in this case for an additional two weeks until trial can proceed on July 31, 2017. Despite previously arguing that a preliminary injunction should not issue and that the status quo should not be maintained for a mere two weeks, Defendants now seek an indefinite stay of the status quo while they appeal the Court's order granting the motion for preliminary injunction.

In addition to being internally inconsistent, Defendants' position regarding staying this case is a sharp reversal from their position in

December of 2016.  At that time, when Defendants appealed the first preliminary injunction, Defendants opposed Plaintiff's request for a stay pending appeal of the Court's order.  ECF No. 48.  Defendants argued—successfully—that "[p]roceedings in the trial court generally should not be delayed pending an appeal of a grant of a preliminary injunction" especially where, as here, "factual issues remained before the district court that were 'not in a posture, at present, for disposition by an [appellate] court.'"  *Id.* at PAGEID # 956 (quoting *SEC v. Crofters, Inc.*, 351 F. Supp. 236, 265 (S.D. Ohio 1972), *rev'd on other grounds*, 493 F.2d 1304 (6th Cir. 1974)).  Defendants argued that a stay pending appeal would "substantial[ly] delay [] the merits of this case" and would "harshly prejudice Defendants." *Id.*

Currently, as in December of 2016, factual issues remain that are not in a posture for disposition on appeal.  It is an open question of fact whether the parties acted in good faith with respect to the Southern-Glazer's merger.  The proposed trial exhibits suggest that there is much more to the story than the limited issues Defendants seek to pursue on appeal.

The unfortunate reality of this case, however, is that a bench trial on the parties' claims for declaratory judgment will consume an inordinate amount of judicial resources.  Although the Court acknowledges Plaintiff's arguments that the Sixth Circuit's decision on appeal of the second preliminary injunction will not amount to law of the case, and that the Sixth

Circuit only has a limited aspect of this case before it, the reality of the impact the Sixth Circuit's opinion will have on this Court cannot be ignored. Guidance from the Sixth Circuit will—at the very least—forecast to the parties what any appeal of this Court's bench trial adjudication would look like, which should frame the parties' discussions going forward and could lead to resolution of this case. It simply is not in either the parties' or the Court's best interest to proceed with a bench trial before the Sixth Circuit considers Plaintiff's appeal.

For that reason, and in spite of Defendants' arguments in their motion, the Court **GRANTS** the motion, ECF No. 140, and **STAYS** this case until the Sixth Circuit adjudicates Defendants' appeal. The parties shall move to lift the stay upon issuance of the mandate in that appeal. The telephone status conference scheduled for July 19, 2017, at 11:00 a.m. is **VACATED**.

Finally, the Court notes that Ohio Revised Code § 1333.84(F) is a state statute designed to protect distributors operating in the State of Ohio. Because few Ohio courts have had the opportunity to interpret § 1333.84(F), the big picture issues in this case are best addressed by the Ohio Supreme Court. This Court urges the parties to seek certification during the appellate process. Should this case return to this Court to consider the merits of the parties' claims, the Court invites either party to submit a motion to certify

specific issues of statutory interpretation to the Ohio Supreme Court prior to any bench trial on the remaining factual issues.

**IT IS SO ORDERED.**

                                                  /s/ Michael H. Watson
                                                  **MICHAEL H. WATSON, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**